## Staunton

### Pauline M. Hensley v. Oliver Gordon Hensley.

September 4, 1956.

Record No. 4548.

Present, All the Justices.

The opinion states the case.

*Julian K. Hickman,* for the appellant.

No brief nor argument for appellee.

Hudgins, C. J., delivered the opinion of the court.

Pauline M. Hensley, in her bill for divorce, charged her husband, Oliver Gordon Hensley, with non-support, cruelty and desertion. The husband filed no answer to the bill and made no appearance when the depositions were taken. From a decree denying the divorce complainant obtained this appeal.

The uncontradicted testimony shows that when the parties were married on April 27, 1955, the wife was a widow 47 years of age; the husband was divorced and 41 years of age. Immediately after the marriage the husband moved into his wife's home and lived there

until June 6, 1955. During that time he contributed nothing to her support, frequently drank to excess, and from time to time cursed, abused and vilified her. On June 4th or 5th he not only cursed his wife but charged her with improper relations with other men. This she indignantly denied and ran out of the house with her husband chasing her. He caught her and twisted her arm, and while so doing Basil G. Reedy and his wife, Ruby Reedy, who had heard her screams, came to her assistance and prevented the husband from inflicting further injuries upon her.

Ruby Reedy is a sister of Oliver Gordon Hensley and testified that she lives near complainant and that they visited back and forth every day; that complainant had earnestly tried to make a success of her marriage and a happy home for her husband; that he contributed nothing to the support of the family, drank to excess periodically and when intoxicated he is cross and unreasonable in his demands, and that he had not been engaged in any gainful occupation since his marriage.

The testimony of the wife as to non-support, desertion, cruelty and the use of vile and abusive language is not denied and is corroborated by the testimony of four witnesses.

We deem it unnecessary to make a more detailed statement of the evidence. It fully sustains the allegations of the bill. The decree denying complainant a divorce is set aside and reversed, and a decree granting her a divorce *a mensa et thoro* will be entered by this court, and the case remanded with directions to the trial court to grant complainant a decree of divorce *a vinculo matrimonii* if such action is later justified.

A fee of $150.00 is hereby awarded complainant's counsel as a part of the costs of this appeal.

*Reversed and remanded.*